# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODERICK BAGBY<br>an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   24-CV-413-RAW-JAR<br>)<br>)<br>)<br>)<br>) |

### FINDINGS AND RECOMMENDATION

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 17]. Plaintiff has filed a Response in Opposition. [ECF No. 34]. Plaintiff commenced this action in this Court on October 25, 2024. [ECF No. 2]. By Minute Order entered June 26, United States Chief District Judge Ronald A. White, who presides over this case, referred the matter to the undersigned for all pretrial proceedings consistent with 28 U.S.C. § 636. [ECF No. 23].

I. FACTUAL BACKGROUND AND OVERVIEW OF ALLEGATIONS

The material facts are not in dispute. Plaintiff alleges he was involved in a motor vehicle accident on or about December 9, 2020. [ECF No. 2, ¶ 6]. At the time,

1

Plaintiff and his spouse maintained three separate motor vehicle insurance policies with State Farm:

- Policy No. 418 7171-F07-36, providing liability and uninsured/underinsured motorist ("UM") coverage for a 2012 Chevrolet C1500 [ECF No. 17-3];

- Policy No. 390 7862-D04-36A, providing liability and UM coverage for a 2015 Cadillac XTS [ECF No. 17-4]; and

- Policy No. 454 1062-B07-36, providing liability coverage for a commercial-class 2012 Ford F550 [ECF No. 17-5].

At the time of the accident, Plaintiff was driving a 2002 Chevrolet Silverado (the "Subject Vehicle") that he had purchased approximately six months earlier, with title issued to him on July 10, 2020. [ECF No. 17-2]. The Police Report for the accident identifies the Subject Vehicle as Plaintiff's and notes "NONE" for insurance coverage. [ECF No. 17-1 at 2]. Plaintiff did not purchase liability or UM coverage for the Subject Vehicle under any State Farm policy and has not identified any other carrier providing such coverage. [ECF No. 17 at 3–4; ECF No. 17-3; ECF No. 17-4; ECF No. 17-5].[1]

---

[1] Plaintiff disputes the authenticity of Defendant's exhibits, including the insurance policies and the Oklahoma title record for the Subject Vehicle. [ECF No. 34 at 2]. Under Rule 12(b)(6), the Court may consider documents outside the complaint when they are (1) referenced in the complaint, (2) central to the claims, and (3) not subject to a genuine dispute as to authenticity. Plaintiff's Complaint expressly references the State Farm policies and alleges ownership of the Subject Vehicle at the time of the accident. [ECF No. 2, ¶¶ 6–8]. His claims for breach of contract and bad faith necessarily depend on the policy terms and the vehicle's ownership status. The exhibits provided match the descriptions in the pleadings and are complete copies of the policies and title record. Plaintiff offers no evidence of forgery, alteration, or other irregularity that would create a genuine dispute of authenticity. The Court therefore considers these exhibits in resolving the motion without converting it to one for summary judgment.

On or about July 27, 2022, Plaintiff submitted a claim for UM benefits under Policy No. 418 7171-F07-36, which covered the 2012 Chevrolet C1500. [ECF No. 17 at 4, ¶ 7]. That policy contains the following exclusion:

> "There is no coverage... [f]or an insured who sustains bodily injury while occupying a motor vehicle... owned by... you or any resident relative if it is not insured by a motor vehicle insurance policy."

[ECF No. 17-3 at 21]. A similar exclusion appears in Policy No. 390 7862-D04-36A. [ECF No. 17-4 at 21]. Oklahoma's UM statute contains nearly identical language:

> For purposes of this section, there is no coverage for any insured while occupying a motor vehicle owned by, or furnished or available for the regular use of the named insured, a resident spouse of the named insured, or a resident relative of the named insured, if such motor vehicle is not insured by a motor vehicle insurance policy.

36 O.S. § 3636(E).

State Farm denied Plaintiff's claim, concluding that because the Subject Vehicle was not insured by any motor vehicle policy, no UM coverage was available under Oklahoma law or the State Farm policies. [ECF No. 17 at 2]. Plaintiff brings this suit seeking damages for Breach of Contract and Bad Faith. [ECF No. 2].

## II. FINDINGS OF FACT

1.      Plaintiff was involved in a motor vehicle accident on or about December 9, 2020. [ECF No. 2, ¶ 6].

2.      On the date of the accident, Plaintiff and his spouse maintained three motor vehicle insurance policies issued by State Farm: (i) Policy No. 418 7171-F07-36, providing liability and UM coverage for a **2012 Chevrolet C1500** [ECF No. 17-3]; (ii)

3

Policy No. 390 7862-D04-36A, providing liability and UM coverage for a **2015 Cadillac XTS** [ECF No. 17-4]; and (iii) Policy No. 454 1062-B07-36, providing liability coverage for a commercial **2012 Ford F550** [ECF No. 17-5].

3. At the time of the accident, Plaintiff was driving a **2002 Chevrolet Silverado** ("Subject Vehicle"). [ECF No. 17-1 at 2].

4. Plaintiff purchased the Subject Vehicle approximately six months before the accident, with title issued to him on July 10, 2020. [ECF No. 17-2].

5. The Police Report lists "NONE" for Plaintiff's insurance on the Subject Vehicle at the time of the accident. [ECF No. 17-1 at 2]. Plaintiff's three State Farm policies in force did not cover the Subject Vehicle. [ECF No. 17 at 3–4; ECF No. 17-3; ECF No. 17-4; ECF No. 17-5], and Plaintiff has not identified any other liability insurer. [ECF No. 34 at 2].

6. On or about July 27, 2022, Plaintiff submitted a claim for UM benefits under Policy No. 418 7171-F07-36 - 2012 Chevrolet C1500. [ECF No. 17 at 4, ¶ 7].

7. Policy No. 418 7171-F07-36 contains an exclusion stating there is no UM coverage for an insured "while occupying a motor vehicle… owned by… you or any resident relative if it is not insured by a motor vehicle insurance policy." [ECF No. 17-3 at 21 (emphasis in original)]. A similar exclusion appears in Policy No. 390 7862-D04-36A. [ECF No. 17-4 at 21].

8. Oklahoma's UM statute contains nearly identical exclusionary language: "there is no coverage for any insured while occupying a motor vehicle owned by… the

4

named insured… if such motor vehicle is not insured by a motor vehicle insurance policy." 36 O.S. § 3636(E).

9.　State Farm denied Plaintiff's UM claim, citing the absence of any "motor vehicle insurance policy" on the occupied, owned vehicle, and relying on the policy exclusion and § 3636(E). [ECF No. 17 at 2–5].

10.　Plaintiff does not dispute the factual sequence set forth in ¶¶ 1–9 above but instead challenges the legal effect of those facts under Oklahoma UM public policy. [ECF No. 34 at 2].

### III.　STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions unsupported by factual allegations are not entitled to an assumption of truth. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). The Court may consider documents central to the plaintiff's claim and referred to in the complaint, where authenticity is not in dispute. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997); *Coonce v. CSAA Fire & Cas. Ins. Co.*, 748 F. App'x 782, 784 n.1 (10th Cir. 2018) (unpublished).

### IV.　ANALYSIS

#### A.　BREACH OF CONTRACT

To prevail on a breach of contract claim, Plaintiff must show (1) existence of a

contract, (2) breach of that contract, and (3) damages caused by the breach. *Oltman Homes Inc. v. Mirkes*, 2008 OK CIV APP, ¶ 8, 190 P.3d 1182, 1185. Oklahoma law holds that "[p]arties are at liberty to contract for insurance to cover such risks as they see fit and they are bound by terms of the contract," and courts are not free to rewrite those terms. *Porter v. Okla. Farm Bureau Mut. Ins. Co.*, 2014 OK 50, ¶ 12, 330 P.3d 511, 515; *BP America, Inc. v. State Auto Property & Cas. Ins. Co.*, 2005 OK 65, ¶ 6, 148 P.3d 832, 835.

Here, the policies under which Plaintiff claims UM benefits contain a clear exclusion for injuries sustained while occupying an owned vehicle that is not insured by a motor vehicle insurance policy. [ECF No. 17-3 at 21; ECF No. 17-4 at 21]. Plaintiff does not dispute that the Subject Vehicle was owned by him and uninsured at the time of the accident. [ECF No. 34 at 2]. This exclusion mirrors the express language of 36 O.S. § 3636(E).

Plaintiff urges that Oklahoma UM coverage "follows the person," not the vehicle, and that denying coverage here "defies logic." [ECF No. 34 at 3–6 (citing *Coates v. Progressive Direct Ins. Co.*, 2022 OK 45, 512 P.3d 345; *State Farm Auto. Ins. Co. v. Greer*, 1989 OK 110, ¶ 6, 777 P.2d 941, 942; *Uptegraft v. Home Ins. Co.*, 1983 OK 41, ¶ 6, 662 P.2d 681, 684-85; *State Farm Auto Ins. Co. v. Wendt*, 1985 OK 75, ¶ 4, 708 P.2d 581, 583)]. This argument overreads *Coates* and overlooks the statutory stop sign in 36 O.S. § 3636(E), which the Oklahoma Supreme Court acknowledged in *Coates.* UM coverage does not apply where an insured is injured

6

while occupying an owned vehicle that "is not insured by a motor vehicle insurance policy." *Coates*, ¶ 11, 512 P.3d at 348. Here, the dispositive facts are undisputed: Plaintiff owned and occupied the 2002 Chevrolet Silverado in the December 9, 2020 accident [ECF No. 17 at 3, ¶ 4 (*citing* ECF No. 17-2); ECF No. 34 at 2]; the police report lists "NONE" for Plaintiff's insurance [ECF No. 17-1 at 2]; and no liability policy (or UM coverage) protected that vehicle, by State Farm or any other carrier. [ECF No. 17-3; ECF No. 17-4; ECF No. 17-5].

*Coates* invalidated a Progressive exclusion that improperly "followed the vehicle" by conditioning UM on whether the involved vehicle was listed on the UM policy, even though the motorcycle there was covered by an underlying liability policy. *Coates*, ¶ 14, 512 P.3d at 349. The Oklahoma Supreme Court enforced the person-following nature of UM where a liability policy existed on the occupied vehicle; it did not abrogate § 3636(E). By contrast, State Farm's exclusion tracks § 3636(E) verbatim [ECF No. 17 at 4-5 (*citing* 36 O.S. § 3636(E)); *see also* ECF No. 17- 3 at 21; ECF No. 17-4 at 21], and the record squarely triggers that statutory condition (owned vehicle + no "motor vehicle insurance policy"). That is precisely the circumstance *Coates* recognized as the exception to the person-following rule. *See* [ECF No. 17 at 10–12 (discussing *Coates*)]; *see also Johnson v. Metro. Prop. & Cas. Ins. Co.*, 97 F.4th 1223 (10th Cir. 2024).

Applying *Wendt's* "critical scrutiny" does not change the outcome. *See id.*, ¶ 4, 708 P.2d at 583. Critical scrutiny guards against policy-drafting that dilutes

legislatively mandated UM protections. *See Greer*, ¶ 6, 777 P.2d at 942; *see also Uptegraft*, ¶ 6, 662 P.2d at 684-85. But there is no insurer-drafted narrowing here; State Farm's exclusion mirrors the statute word-for-word. Under Oklahoma contract principles, courts enforce clear policy text and do not rewrite it. *See Porter*, ¶ 12, 330 P.3d at 515; *see also BP America*, ¶ 6, 148 P.3d at 835. In this case, the policy text is coextensive with § 3636(E). As *Coates* teaches, and as Plaintiff effectively concedes [ECF No. 34 at 3], UM follows the person except when the insured occupies an owned vehicle "not insured by a motor vehicle insurance policy." This case presents that narrow statutory exception, not the vehicle-following overreach condemned in Coates. Under *Ball v. Wilshire Ins. Co.*, Oklahoma's sources of public policy are its jurisprudence and its legislative and constitutional provisions. 2009 OK 38, ¶ 27, 221 P.3d 717, 726. Section 3636(E) is itself a legislative expression of public policy. Applying *Wendt's* scrutiny to strike insurer language that conflicts with the statute is one thing; using "public policy" to nullify the statute's own text is another. Plaintiff has not mounted a constitutional challenge to § 3636(E), and the Court will not rewrite either the statute or a policy provision that is coextensive with it. *See Porter*, 2014 OK 50, ¶ 12; *see also BP America*, 2005 OK 65, ¶ 6.

Plaintiff also cites *Vickers v. Progressive N. Ins. Co.*, 353 F.Supp.3d 1153, 1161-62 (N.D. Okla. 2018), as declaring a "similar UM exclusion void as against Oklahoma public policy" under its particular facts. [ECF No. 34 at 6]. *Vickers* is materially distinguishable. There, the resident-insured had "no opportunity to

purchase his own UM coverage" on the involved vehicle and excluding him from coverage as a resident under another policy, the court reasoned, ran counter to § 3636's person-protective purpose. *Id.* at 1161–62. Here, Plaintiff is the named insured on three State Farm policies [ECF No. 17-3; ECF No. 17-4; ECF No. 17-5], owned the occupied vehicle [ECF No. 17-2], and admittedly chose to operate the vehicle without any "motor vehicle insurance policy" in force [ECF No. 34 at 2]. Unlike *Vickers*, this record reflects both ownership and the practical ability to satisfy § 3636(E) by procuring any motor vehicle insurance policy on the occupied vehicle. *See Coates*, ¶ 12, 512 P.3d at 349–50.

Further, *Vickers* – like *Coates* – addresses insurer-drafted language that functionally "followed the vehicle." State Farm's exclusion does not narrow UM beyond the statute; it mirrors § 3636(E). *Vickers*, 353 F.Supp.3d at 1161-62. Plaintiff's claim fails not because State Farm tied UM to a listed vehicle, but because Plaintiff occupied an owned vehicle that was "not insured by a motor vehicle insurance policy," the precise statutory condition recognized in *Coates* and pled in this record. [ECF No. 17 at 10–12; ECF No. 34 at 2–6].

Plaintiff argues that Oklahoma's public policy mandates UM coverage that "follows the person" and invalidates exclusions that limit coverage based on the vehicle occupied at the time of injury. [ECF No. 34 at 3–6 (*citing Greer*, ¶ 6, 777 P.2d at 942; *Uptegraft*, ¶ 6, 662 P.2d at 684-85; *Wendt*, ¶ 4, 708 P.2d at 583)]. Those decisions do stand for the proposition that UM coverage generally attaches to the

9

person rather than the vehicle, but they were each decided in a context where the challenged provision was insurer-drafted and more restrictive than the statute required. In each case, the court invalidated a contractual exclusion because it conflicted with the legislative mandate in 36 O.S. § 3636.

Here, the exclusion in the State Farm policies is not an insurer invention — it is a verbatim incorporation of § 3636(E). That subsection provides:

> "[T]here is no coverage for any insured while occupying a motor vehicle owned by the named insured or any resident relative if such motor vehicle is not insured by a motor vehicle insurance policy."

[ECF No. 17-3 at 21; ECF No. 17-4 at 21]. Oklahoma's public policy is expressed both through its case law and its legislative enactments. *See Ball*, ¶ 27, 221 P.3d at 726. The Legislature's inclusion of subsection (E) in § 3636 is itself a definitive statement of public policy. This Court has no authority to disregard that statutory command absent a constitutional challenge, and Plaintiff raises none. Thus, the public policy argument fails for two independent reasons: (1) the exclusion at issue here is not a contractual limitation inconsistent with the statute — it is the statute; and (2) enforcing § 3636(E) as written gives effect to the Legislature's own policy choice, rather than undermining it.

Because Plaintiff cannot identify a policy provision breached by State Farm, and the controlling statute and policy both preclude coverage, the breach of contract claim fails as a matter of law. *See Sharp v. State Farm Mut. Auto. Ins. Co.*, No. 23-6067, 2024 WL 657980, at *5 (10th Cir. Feb. 16, 2024), ("[Plaintiff] cannot fault State

Farm for failing to deliver something it never promised.").

### B. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

The elements of a bad faith claim include: (1) coverage under the policy and a duty to take reasonable actions in handling the claim; (2) unreasonable conduct by the insurer; (3) failure to deal fairly and act in good faith; and (4) resulting damages. *Morgan v. State Farm Mut. Auto. Ins. Co.*, 2021 OK 27, ¶ 10, 488 P.3d 743, 747. Oklahoma law makes clear that "a determination of liability under the contract is a prerequisite to a recovery for bad faith breach of an insurance contract." *Davis v. GHS HMO, Inc.*, 2001 OK 3, ¶ 16, 22 P.3d 1204, 1210 (citations omitted).

Because Plaintiff cannot establish that State Farm was contractually obligated to provide UM coverage for the Subject Vehicle, the threshold requirement for bad faith is absent. Even if coverage were debatable, the record shows State Farm's position was consistent with the express statutory language and policy terms, and under *Porter*, it is not bad faith for an insurer to withhold payment where there is a legitimate dispute concerning coverage. *Id.*, ¶ 24, 330 P.3d at 515.

### V. CONCLUSION

Plaintiff was injured while occupying a vehicle he owned that was not insured by any motor vehicle insurance policy. Both the policy language and § 3636(E) exclude UM coverage under these facts. *Coates* and *Vickers* are distinguishable. Plaintiff's breach of contract and bad faith claims fail as a matter of law. Plaintiff has not pleaded, and the record contains no facts suggesting, any viable constitutional

11

challenge to § 3636(E) or other legal theory that could avoid its application.

In sum, the material facts are not in dispute. Plaintiff owned the vehicle he was driving at the time of the accident. That vehicle was not insured under any motor vehicle insurance policy providing liability or UM coverage. The exclusion in the State Farm policies tracks the precise language of 36 O.S. § 3636(E), which expressly bars UM coverage in these circumstances. The Oklahoma Supreme Court decisions Plaintiff relies upon involve insurer-drafted exclusions inconsistent with § 3636(e). Without coverage, there can be no breach of contract and no breach of the duty of good faith and fair dealing. *See Porter*, ¶ 12, 330 P.3d at 515 (no bad faith where no coverage exists). Because § 3636(E) applies as a matter of law to the undisputed facts, and Plaintiff has identified no viable legal theory to avoid its effect.

**IT IS THEREFORE THE RECOMMENDATION OF THIS COURT** that Defendant's Motion to Dismiss [ECF No. 17] be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff is given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with a supporting brief under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the order of the District Court based on such findings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Plaintiff's objection, if filed, shall be limited to ten (10) or fewer pages.

**IT IS SO ORDERED** this 19th day of August, 2025.

_____
JASON A. ROBERTSON
United States Magistrate Judge
Eastern District of Oklahoma

13